UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **PRO DRIVE OUTBOARDS, LLC**<br>**Plaintiff** | Case No.   6:18-cv-01241 |
| VS. | Judge   MICHAEL J. JUNEAU |
| **CRUZANI, INC. F/K/A US HIGHLAND, INC., ET AL**<br>**Defendant** | Magistrate Judge   CAROL B. WHITEHURST |
| | **JURY TRIAL REQUESTED** |

**MEMORANDUM IN SUPPORT OF DEFENDANT US HIGHLAND, INC.'S REPLY TO PLAINTIFF'S OPPOSITON TO MOTION TO TRANSFER VENUE**

**I.**
**SUMMARY OF ARGUMENT**

On or about April 6, 2019, Plaintiff Pro-Drive Outboards, LLC (hereafter referred to as "Plaintiff" or "Pro-Drive") filed its Response to Defendant U.S. Highland, Inc.'s ("Defendant" or "Highland") Motion for § 1404(a) Motion to Transfer Venue. (Rec. Doc. 23). After requesting a 10 (ten) day extension on its deadline in order to "more fully and adequately respond", Plaintiff ostensibly asserts that, because the "oral contracts" entered into by the parties do not contain forum selection clauses, the "oral contracts" are not subject to the same rules of transfer governing the Exclusive Distribution Agreement ("Agreement") (Rec. Doc. 16-3). The fatal flaw in Plaintiff's argument is that it has not pled breach of oral-contract, and only does so for the first time in its Response to Defendant's Motion to Dismiss and Response to Defendant's Motion to Transfer. As more fully set out in Defendant's Memorandum in Support of Motion for Leave to File Reply to Plaintiff's Opposition to Motion to Dismiss, Plaintiff cannot amend its Complaint through its

briefing, and all of Plaintiff's arguments premised on these new causes of action should be ignored by the Court in ruling on Defendant's Motion to Transfer.

## II.
## AUTHORITY & ARGUMENT

### A. Plaintiff Cannot Amend Its Complaint In Its Response

Plaintiff has sued for breach of the Distribution Agreement, and for fraud related to the Distribution Agreement. Now, after being confronted with both Defendant's Motion to Dismiss and Motion to Transfer, Plaintiff is attempting a last ditch effort to salvage its Complaint and maintain its case in Louisiana by carving out illusory, nonexistent claims that are not subject to a forum-selection clause. Plaintiff now argues, ***for the first time and contrary to its Original Complaint***, that the agreement entered into by Plaintiff and Defendant concerning the production of a vertical shaft engine is found in oral-contracts entered into after the Distribution Agreement. However, these allegations of oral-contract appear ***nowhere*** in the Complaint; instead, Plaintiff is attempting to amend its Complaint through its briefing papers, which is prohibited.

A plaintiff cannot amend its complaint by raising new claims in response to a motion to dismiss. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir.1989). It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss; to hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief. *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989).[1]

In its Original Complaint, Plaintiff makes the following claims:

---

[1] *See further Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998)("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss"); *see also Miccosukee Tribe of Indians of Florida v. United States*, 716 F.3d 535, 559 (11th Cir. 2013) ("In this circuit, a plaintiff cannot amend his complaint through argument made in his brief in opposition to the defendant's motion…).

**Defendant Highland breached the Distribution Agreement by failing to produce a vertical shaft engine suitable for production and incorporation in a PRO-DRIVE outboard motor system.**

and:

**Plaintiff PRO-DRIVE honored all of its commitments to Defendant HIGHLAND under the Distribution Agreement including payments in excess of $500,000.00, for which it received no return.**

(Rec. Doc. 1, p.18-19)(emphasis added).

Plaintiff clearly pled that the supposed failure to produce a vertical shaft engine constituted the breach of the Distribution Agreement. Further, Plaintiff clearly pled that it honored its commitments under the Distribution Agreement by paying in excess of $500,000, meaning that every single financial transaction complained of in the Complaint occurred under the Distribution Agreement. Further, all of the damages Plaintiff is claiming in this case are brought under the claim for breach of the Distribution Agreement. But, after being confronted with both Defendant's Motion to Dismiss and Motion to Transfer, Plaintiff would have the Court believe, in direct contradiction to its pleadings, that the Distribution Agreement does not concern the production of a vertical shaft engine at all. Indeed, Plaintiff now asserts, for the first time, that the promise to produce an engine suitable for production was formed in after-the-fact oral-contracts. This is decidedly not what Plaintiff pled, and Plaintiff's new assertions in it Response are nothing more than an attempt to amend its fatally defective Complaint and, if it can somehow overcome Defendant's 12(b)(6) challenge, possibly preserve venue in Louisiana despite its obvious violation of the Distribution Agreement's forum-selection clause.

## CONCLUSION

In the present matter, the Agreement that forms the basis of the present dispute required that suit be filed in the state and federal courts of the State of Oklahoma; accordingly, Plaintiff's

choice of venue merits no weight. Plaintiff has waived the right to challenge United States District Court for the Western District of Oklahoma as inconvenient or less convenient. Therefore, the Court should transfer the present matter to the United States District Court for the Western District of Oklahoma.

        Respectfully Submitted,

        **LAW OFFICE OF DICK "DAVE" KNADLER, LLC**

        */s/ Dick "Dave" Knadler*
        DICK "DAVE" KNADLER (#27829)
        3223 First Street
        Mansfield, LA 71052
        Telephone: (318) 925-1178
        Temporary Facsimile: (318) 872-0083
        Email: dknadler@hotmail.com
        and

        **THE STEIDLEY LAW FIRM**

        */s/ Gage S. Fender*
        Jeffrey W. Steidley *(Pro Hac Vice Pending)*
        Tx. State Bar No. 19126300
        Gage S. Fender *(Pro Hac Vice Pending)*
        Tx. State Bar No. 24093590
        3701 Kirby Drive, Suite 1170
        Houston, Texas 77098
        Telephone: (713) 523-9595
        Facsimile: (713) 523-9578
        Jeff@texlaw.us
        Gage@texlaw.us

        **ATTORNEYS FOR DEFENDANT**
        **CRUZANI, INC. F/K/A US HIGHLAND, INC.**

## **CERTICIATE OF SERVICE**

   I hereby certify that I have, this 15th day of April, 2019, provided all parties with a copy of the above and foregoing pleading by means of the CM/ECF electronic filing system.

Ryan M Goudelocke
DURIO MCGOFFIN ET AL
P O Box 51308
Lafayette, LA 70505
337-233-0300
Fax: 337-233-0694
Email: ryan@dmsfirm.com

Thomas St Paul Keaty
KEATY LAW FIRM
365 Canal St Ste 2410
New Orleans, LA 70130
504-524-2100
Fax: 504-524-2105
Email: tskeaty@keatypatentfirm.com

William Winfield Stagg
DURIO MCGOFFIN ET AL
P O Box 51308
Lafayette, LA 70505
337-233-0300
Fax: 337-233-0694
Email: bill@dmsfirm.com

             */s/ Dick "Dave" Knadler*
             DICK "DAVE" KNADLER